**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandy Close,<br><br>                Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>                Defendant. | No. CV-08-00030-TUC-FRZ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

      Sandy Close suffers, among other things, from asthma, low back pain, post-traumatic stress disorder from childhood sexual abuse, mood disorder, depression, and borderline intellectual functioning. She attended special education classes throughout her schooling. She lives with her parents and has never worked.

      Ms. Close has applied for supplemental security income multiple times. Her first two applications were denied by an administrative law judge ("ALJ"). The Appeals Council denied review with respect to the first application. Ms. Close did not appeal that decision or the denial of her second application by the ALJ.

      A third application was filed January 29, 2004 when Ms. Close was 35 years old. Doc. 11, Tr. 378-83. A hearing before an ALJ was held on October 4, 2005. Tr. 812-36. The ALJ issued a decision on March 2, 2006, finding Ms. Close not to be disabled within the meaning of the Social Security Act. Tr. 17-24. This decision became the Commissioner's final decision when the Appeals Council denied review. Tr. 10-12. Ms. Close then brought this action for judicial review. Doc. 1.

After the filing of motions for summary judgment (Docs. 13, 14), an ALJ issued a decision granting Plaintiff's fourth application for benefits (Docs. 24 at 10-16, 27-1). The ALJ found Plaintiff disabled as of March 3, 2006 (*id.* at 15), one day after the date Plaintiff was found not to be disabled based on her third application.

Plaintiff has filed a motion for remand. Doc. 26. Defendant opposes the motion. Doc. 27. Oral argument has not been requested. For reasons stated below, the Magistrate Judge recommends that the District Court, after its independent review, grant Plaintiff's motion for remand and deny without prejudice the summary judgment motions.

**I.    Discussion.**

Pursuant to sentence six of the judicial review statute, 42 U.S.C § 405(g), the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding." New evidence is material "if it 'bears directly and substantially on the matter in dispute,' and if there is a 'reasonable probability that the new evidence would have changed the outcome of the determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (alterations and citation omitted).

Because she was found to be disabled only one day after the adverse decision in the instant case, Plaintiff argues, the finding of disability constitutes new and material evidence warranting remand as to her third application for benefits. Doc. 26 at 1. The Magistrate Judge agrees.

This Circuit has made clear that "'in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.'" *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting *Bradley v. Barnhart*, 463 F. Supp. 2d 577, 580-81 (S.D. W. Va. 2006)). The record in this case, as it presently stands, does not permit a determination whether the decisions on Plaintiff's third and fourth applications are reconcilable or inconsistent.

Each ALJ found that plaintiff had the physical residual functional capacity ("RFC") to perform light work with restrictions and the mental RFC to do simple, unskilled work. Tr. 23 ¶ 5; Doc. 24 at 13, ¶ 4. With respect to Plaintiff's successful application, however, the ALJ found that "[t]he cumulative effect of [Plaintiff's] mental limitations and lack of work history render her incapable of work in a regular, competitive work environment." Doc. 24 at 14. Based on vocational expert testimony that there are no jobs available to Plaintiff given her ability to work only in a "sheltered environment," the ALJ concluded that Plaintiff was disabled as of March 3, 2006. *Id.* at 15-16. This decision stands in stark contrast to the decision that Plaintiff was not disabled on March 2, 2006. Tr. 17-24.

No remand is warranted, Defendant contends, because the favorable decision was based on an exacerbation of Plaintiff's mental impairments. Doc. 27. Defendant notes that Plaintiff's mood disorders were exacerbated when her father passed away on March 8, 2006. *Id.* at 3. Before that date, Defendant asserts, there had been no sign of a worsening mental condition. *Id.* at 4. To the contrary, a psychiatric evaluation on February 14, 2006 revealed that Plaintiff's father was dying of cancer and "she is very much affected by this" given their close relationship. Doc. 26-1 at 2.

Defendant further notes that Plaintiff recently had been diagnosed with major depressive order with psychotic features. Doc. 27 at 2. Plaintiff has suffered from depression throughout her life, experiencing the first episode at the age of 8 or 9 after being raped by a male relative. Doc. 26-1 at 2; Tr. 643. Plaintiff reported hearing voices more than six years ago (Tr. 643), and the medical report cited by the ALJ regarding auditory hallucinations associated with depression is dated February 14, 2006 (Docs. 24 at 13, 26-1 at 2-5) – a date preceding the denial of Plaintiff's third application on March 2, 2006.

Moreover, in granting Plaintiff's fourth application, the ALJ did not rely solely, or even primarily, on the diagnosis of major depression. Rather, as Defendant himself recognizes (Doc. 27 at 3), the ALJ relied on the "cumulative effect" of Plaintiff's mental

limitations. Doc. 24 at 14. The ALJ further relied on Plaintiff's lack of work history. *Id.* Defendant does not dispute that the lack of work history supports the grant of benefits before March 3, 2006.

Defendant contends that no remand is warranted because Plaintiff's cognitive limitations were only moderate as of March 2, 2006. Doc. 27 at 3 & n.2; *see* Tr. 22. Defendant, however, fails to explain why some of those limitations were found to be marked only one day later. Doc. 24 at 13. As noted above, Plaintiff's father did not pass away until March 8, 2006. Moreover, the fact that Plaintiff has moderate limitations in a host of functional limitations supported the finding that Plaintiff cannot perform in a regular, competitive work environment. Doc. 24 at 14.

Defendant asserts that the ALJ "generously chose the earliest possible date for a finding of disability" (Doc. 27 at 4), but points to nothing in the ALJ's decision to support this assertion. It is worth noting that the ALJ was precluded from finding an onset date earlier than March 3, 2006 as the present action deprived him of jurisdiction over the issue of Plaintiff's disability prior to that date. Doc. 24 at 10.

In this case, as in *Luna*, Plaintiff had an application for benefits denied, a subsequent application granted, and a finding of disability as of the day after the denial of benefits. The two decisions are not as easily reconcilable as Defendant contends. The Magistrate Judge, on the present record, cannot determine whether the "decision denying benefits is reconcilable with the nearly immediate subsequent grant of benefits." *Andrew v. Astrue*, No. CV-10-386-C-REB, 2011 WL 4584815, at *7 (D. Idaho Sept. 30, 2011). "Given this uncertainty, remand for further factual proceedings [is] an appropriate remedy." *Luna*, 623 F.3d at 1035; *see Andrew*, 2011 WL 4584815, at *6-7 (remanding for further proceedings where the basis for each application was the claimant's ongoing schizophrenia); *Dobson v. Astrue*, No. 2:09-cv-01460 KJN, 2010 WL 4628316, at *3-4 (E.D. Cal. Nov. 5, 2010) (remanding for further factual development despite the Commissioner's supposition that the ALJ was simply being generous in selecting the onset date as one day after the initial denial); *Daniel v. Astrue*, No. CV 10-4825-JEM,

2011 WL 3501759, at *6 (C.D. Cal. Aug. 9, 2011) (favorable benefits decision constituted new and material evidence to the extent it was based on the claimant's mental impairments which had been at issue for several years); *Pereira v. Astrue*, No. CV-10-0014-PHX-GMS, 2011 WL 251455, at *2 (D. Ariz. Jan. 26, 2011) (favorable benefits decision constituted new and material evidence supporting remand).

Defendant's reliance on *Bruton* is misplaced. The two decisions in that case were "easily reconcilable on the record before the court," *Luna*, 623 F.3d at 1035, because the second application for benefits involved "different medical evidence, a different time period, and a different age classification." *Bruton*, 268 F.3d at 827; *see Daniel*, 2011 WL 3501759, at *5 (distinguishing *Bruton*).

**II.     Recommendation.**

Given the award of benefits based on an onset date coming in "immediate proximity" to the denial of benefits, *Luna*, 623 F.3d at 1034, the decision on Plaintiff's fourth application "bears directly and substantially" on the merits of the third application, and there is a "reasonable probability" that the decision on the fourth application, when properly considered, would change the outcome of the third application, *Bruton*, 268 F.3d at 827. The favorable benefits decision on the fourth application therefore constitutes material evidence. The evidence is new, and good cause supports Plaintiff's failure to present the evidence in connection with the third application, given that the evidence did not exist at the time that application was decided. *See Dobson*, 2010 WL 4628316, at *3; *Pereira*, 2011 WL 251455, at *2. In summary, the Magistrate Judge recommends that Plaintiff's motion for remand (Doc. 26) be GRANTED pursuant to sentence six of 42 U.S.C. § 405(g).

Given this recommendation, it need not be determined whether remand is required under sentence four based on Plaintiff's other challenges to the decision denying the third application. Under a sentence six remand, the Commissioner shall consider the new evidence and modify or affirm the findings of fact or decision, "and shall file with the court any such additional and modified findings of fact and decision[.]" 42 U.S.C.

§ 405(g). Should the decision on remand be unfavorable to Plaintiff, the Court will then be able to consider all challenges to that decision in light of how the new evidence was considered. *See Andrew*, 2011 WL 4584815, at *7; *Daniel*, 2011 WL 3501759, at *5. The Magistrate Judge therefore recommends that the parties' motions for summary judgment (Docs. 13, 14) be DENIED without prejudice.

The parties may file written objections within fourteen days of being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties are advised that untimely objections may be deemed waived and non-specific, general objections do not require the District Court to exercise de novo review. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Any objections are to be identified with the following case number: CV-08-00030-FRZ.

Dated this 12th day of January, 2012

*(signature)*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE